I respectfully dissent.
While the "two-inch" rule may have utility when applied in the context of the exterior walkways of premises because such trivial imperfections are commonly encountered there, I am not convinced that this rule has the same practical application when applied in the context of the interior of premises because the expectations are not necessarily the same.
In any event, I believe that the record here contains evidence establishing that genuine issues of material fact exist as to whether there were "attendant circumstances." See Cash v.Cincinnati (1981), 66 Ohio St.2d 319.
The appellant was following her grandchildren into the gymnasium while a basketball game was in progress. (Tycast Depo. at 11.) It is not inconceivable that her attention was directed towards the activity in the gymnasium, including the game itself and the sounds of the audience in the stands. She apparently had not been inside the gymnasium before. The door coupling was barely distinguishable from the color of the floor when viewed without any other obstruction, and would be even less discernible under the dimly lit conditions described by Tycast in her evidentiary materials.
I believe Tycast's evidence created a factual issue as to whether there were "attendant circumstances" such that the presence of this protruding door coupling in the gymnasium entranceway was a condition that was unexpected and not reasonably discernible. The fact that others did not trip on this condition is not determinative.
Because I believe that the plaintiff presents sufficient questions of fact that a jury should properly resolve, I would reverse the judgment and remand the matter for further proceedings.